IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 6:15-cr-10110-JTM

JUSTIN A. JACKS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter came before the court on April 24, 2017, for a hearing on the Government's Motion for Psychiatric Examination. Dkt. 57. The court orally denied the motion at the hearing. This written memorandum will supplement the court's oral ruling.

**I. Background.**

In August of 2015, defendant Justin Jacks was charged in a three-count Indictment with unlawful possession and distribution of child pornography. Dkt. 11. On January 25, 2016, based upon a stipulated defense report, the court found that defendant was not competent to stand trial and ordered that he be committed to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 4241(d). Dkt. 44. On December 19, 2016, the court granted a request to extend defendant's treatment.

Following receipt of an additional psychological report (Dkt. 53) in February, 2017, the court held a hearing and determined that defendant was not competent to stand trial and would not likely regain competence in the foreseeable future. The court

indicated it would grant the defendant's motion to dismiss the indictment on that basis, but it stayed the dismissal to permit the Government to file a motion for a psychiatric evaluation to determine whether defendant's release would pose a danger.

**II. Motion for Examination.**

The Government moves pursuant to 18 U.S.C. § 4248 for an order directing the defendant to submit to a psychiatric or psychological evaluation to determine if he is a sexually dangerous person. Dkt. 57 at 1. The Government argues that the instant offenses are considered crimes of violence and stated that they involved images of pre-pubescent children being made to perform sex acts. It argues that such conduct warrants further examination to determine if defendant poses a risk as a sexually dangerous person.

**III. Discussion.**

Section 4248 deals with civil commitment of sexually dangerous persons. In the case of a defendant due for release by reason of dismissal of criminal charges on grounds of mental incompetence, this provision states in part that the Attorney General or Director of the Bureau of Prisons may certify that the person is a sexually dangerous person. If such a certificate is transmitted to the court,[1] the court must order a hearing to determine whether the person is a sexually dangerous person. § 4248(a). Prior to the hearing, the court may order an examination of the defendant. § 4248(b). If, after the hearing, the court finds by clear and convincing evidence that the defendant is a

---

[1] No such certificate has been filed or transmitted to the court in this case.

sexually dangerous person, the court must commit the person to the custody of the Attorney General. § 4248(d).

Section 4247 specifically defines the term "sexually dangerous person" to mean "a person who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others…." § 4247(a)(5). "Sexually dangerous to others" means that the person "suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." § 4247(a)(6).

As § 4247 indicates, one essential element of being a sexually dangerous person is a finding that the person "has engaged or attempted to engage in sexually violent conduct or child molestation." The Government has not addressed or disputed defendant's assertion that he has never attempted to engage in any sexually violent conduct or child molestation. The closest it comes to doing so is to argue that the Chapter 110 offenses with which defendant is charged are considered "crimes of violence" under 18 U.S.C. § 3156(a)(4)(C). Dkt. 57 at 2. But that definition of "crime of violence" applies only "in sections 3141-3150 of" Chapter 207, and thus has no application to § 4247 or § 4248. *See* 18 U.S.C. § 3156(a).

Absent any suggestion or showing that defendant has engaged in sexually violent conduct or child molestation, there is no possibility that he could be found to be

3

a sexually dangerous person. The court accordingly denies the Government's motion for an examination pursuant to § 4248.[2]

**IT IS THEREFORE ORDERED** this 25th day of April, 2017, that the Government's Motion for Psychiatric Examination (Dkt. 57) is DENIED.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss the Indictment (Dkt. 52) is GRANTED, and that all other pending motions (Dkts. 29 and 38) are denied as moot.

                                  ___s/ J. Thomas Marten_____
                                  J. THOMAS MARTEN, JUDGE

---

[2] The Government did not seek an evaluation under § 4246.